IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUSSELL DELANDERS,
dba Vegas Truck & Automotive,

          Plaintiff,

  vs.                                      CIVIL NO. 09-1118 JH/LFG

NIKA, INC.,
dba Thomas Trucking, Inc.,

          Defendant.

## ORDER DENYING PLAINTIFF'S MOTION
## FOR ENLARGEMENT OF TIME FOR DISCOVERY

THIS MATTER is before the Court on Plaintiff's Motion for Enlargement of Time for Discovery [Doc. 64]. The Court considered the motion, the response in opposition [Doc. 68] and reply [Doc. 70], and determines that oral argument is not necessary.

## Background

This is a relatively straightforward alleged negligence case. It was assigned to the "Standard" case management track pursuant to the district's Civil Justice Expense and Delay Reduction Plan. The Court assigned a fairly liberal 150-day discovery schedule-- an amount of time deemed sufficient for parties to complete pretrial discovery.

Approximately thirty days prior to the close of discovery, the Court conducted a Rule 16 status conference to ensure that the parties were on-track to complete pretrial discovery within existing case management deadlines. The Court was apprised, however, that Plaintiff had not commenced discovery and had not served interrogatories, requests for production or requests for admission, nor had Plaintiff noticed or taken any depositions.

Because Plaintiff did not believe that discovery could be completed within the remaining thirty days, Plaintiff's counsel requested an additional thirty days, and the request was granted. The extended deadline meant that Plaintiff would have approximately sixty days within which to commence and complete discovery. However, it appears that no action was taken until September 8, 2010, when, in response to Plaintiff's deficient Rule 26 report, Plaintiff's counsel noted in a fax to defense counsel, "[W]e do need to set depositions for Leon Feazel, Rimkus and Dr. Seelinger. If you would provide me with some times and dates they and you can be available, I will check my calendar and coordinate dates that I have available as well." [Doc. 70, Ex. A].

The next reference to potential depositions appears in a September 16, 2010 e-mail from Plaintiff's counsel to defense counsel, stating in part "I may need to take the deposition of the following people, as each are listed in Defendant's Initial Disclosure. Please provide more specific details as to their possible testimonies at trial. Brian Jones, Rhonda Thomas, Dr. Paul Consescu, M.D."   [Doc. 70, Ex. B].

Nothing in the pleadings or attachments indicates that further steps were taken to specifically schedule depositions. In the interim, the extended discovery deadline of September 22, 2010 passed and Plaintiff did not take depositions.

## Present Motion

Plaintiff now argues that counsel discussed the potential for extending case management deadlines, and he was led to believe that there was no opposition, only to have Defendant object at the last possible date. Thus, Plaintiff contends he was "lulled into a sense of complacency" because he anticipated that discovery would be extended. Defendant denies any agreement to extend discovery, and asserts that, from the outset, this litigation was marked by a pattern of delay.

This case is set for a pretrial conference and trial in February 2011. Extending discovery would, of necessity, require all remaining case management deadlines to similarly be extended, and those extensions could well impact the trial date.

## **Analysis**

Case management deadlines are imposed by the Court as part of a court's responsibilities under the Civil Justice Reform Act, 28 U.S.C. §§ 471 *et seq.*

> The purpose of this legislation [CJRA] is to promote for all citizens--rich or poor, individual or corporation, plaintiff or defendant--the just, speedy, and inexpensive resolution of civil disputes in our Nation's Federal courts.

Pub. L. 101-650, S. Rep. No. 101-416, at 1 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6804.

The CJRA sought to address and alleviate the dual problems of cost and delay in federal civil litigation. Judicial case management was included in this legislation as an integral step in eliminating delay. *See* Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 171 (1989) ("One of the most significant insights that skilled trial judges have gained in recent years is the wisdom and necessity for early judicial intervention in the management of litigation.")

Indeed, studies on court delay conducted by the Federal Judicial Center show that courts with the least amounts of delay characteristically keep stricter control over cases by the precise scheduling of cutoff dates and other deadlines. The federal study concludes, "[A] court can handle its caseload rapidly only if it takes the initiative to require lawyers to complete their work in a timely fashion." Steven Flanders, Case Management and Court Management in United States District Courts 17 (1997).

In accord with the Court's responsibilities, a liberal discovery schedule was authorized and that schedule was subsequently extended when it became apparent that Plaintiff had not commenced

discovery. Further, once discovery was extended, little activity took place to actually schedule the requisite depositions. The extended discovery deadline has now elapsed, and reopening discovery would adversely affect the trial court's responsibilities to bring this case to a conclusion within the time limits contemplated by the Civil Justice Expense and Delay Reduction Plan.

## **Conclusion**

The only cause suggested by Plaintiff's counsel is that he believed the request to extend discovery would not be opposed. This does not constitute good cause. Plaintiff offers no explanation as to why discovery did not go forward in the six months (original 150 plus 30-day extension) that was authorized for discovery. The Court determines that good cause has not been shown to reopen discovery.

IT IS THEREFORE ORDERED that Plaintiff's Motion For Enlargement of Time for Discovery is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge