IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUSSELL DELANDERS,
dba Vegas Truck & Automotive,

    Plaintiff,

vs.                CIVIL NO.  09-1118 JH/LFG

NIKA, INC.,
dba Thomas Trucking, Inc.,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION
## TO PRECLUDE PLAINTIFF'S EXPERT AND REPORT

THIS MATTER is before the Court on Defendant's Motion in Limine to Preclude Plaintiff's Expert and Report [Doc 65].  It appears undisputed that Plaintiff failed to comply with all of the requirements of Fed. R. Civ. P. 26(a)(2) in that the expert did not sign the report, did not include a list of the exhibits to be offered, failed to disclose the cases in which he previously testified or was deposed, failed to disclose his compensation, and improperly sought to reserve an opportunity to offer new opinions.

Notwithstanding repeated requests to Plaintiff that the report be brought up to par, Defendant contends Plaintiff failed to submit a timely and complete report.  Plaintiff states he has since supplemented the report and that the expert's deposition has been taken.  Thus, Plaintiff contends his tardiness constitutes only harmless error, and that the Court has broad discretion in authorizing the acceptance of a tardy report.

Plaintiff contends that a complete initial disclosure of the expert was made several months prior to the expert's deposition, and that the report has since been supplemented with the curriculum

vitae, prior trial testimony and fee schedule. Thus, Plaintiff claims that Defendant has all the information requisite under Rule 26(a)(2).

## **Analysis**

The Court notes that Defendant sought and obtained an extension of time within which to submit its own expert reports. [*See* Clerk's Minutes, Doc. 54, p. 3]. Further, Defendant does not dispute that Plaintiff's expert's report was supplemented with the missing information, albeit well beyond the deadlines imposed by the Court. Finally, the Court notes that Defendant was able to take a full deposition of Plaintiff's expert.

While the Court does not readily countenance violations of the scheduling order, in balancing the harm that would befall the Plaintiff as opposed to Defendant, the Court opts to impose sanctions on Plaintiff rather than strike the expert or expert report. The striking of the report sounds the death knell of Plaintiff's lawsuit. Without an expert, Plaintiff's case will fail. Thus, granting the requested motion amounts to the most severe sanction available, and in imposing sanctions, the Court should attempt to use a lesser sanction, if possible. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

This is not to say that Defendant has not been harmed. It is possible that Plaintiff's expert was not questioned as thoroughly as he could have been because his Rule 26 report was incomplete. It is also possible that Defendant's own expert did not consider all of the opinions which Plaintiff's expert proposed to offer, and, consequently, Defendant's own Rule 26 report may need revision.

The Court will authorize Defendant to retake Plaintiff's expert's deposition within 30 days. The entire cost of that deposition, including witness and reporter fees, shall be borne by Plaintiff. Further, to the extent Defendant's expert is required to amend his report as a result of any new

information provided by Plaintiff's expert, the cost for the Defendant's expert's amended report shall be paid for by Plaintiff.

Finally, the Court notes that Plaintiff's expert's attempt to reserve the right revise or amend his report is improper. No opinion may be offered at trial unless that opinion, and the basis for the opinion, was disclosed in the Rule 26 reports.

IT IS ORDERED that Defendant's motion to preclude Plaintiff's expert and report is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge