IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RUSSELL DELANDERS d/b/a**
**VEGAS TRUCK & AUTOMOTIVE,**

        **Plaintiff,**

vs.                                                    Civ. No. 09-1118 JCH/LFG

**THOMAS TRUCKING, INC.,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's *Motion to Dismiss* [Doc. 12].[1] After considering the motion, briefing, and relevant law, and being otherwise fully informed, the Court finds that Defendant's motion should be GRANTED.

## BACKGROUND

Because Defendant brings its motion pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts, for purposes of this motion, all of Plaintiff's alleged facts as true. Plaintiff is the principal owner of a company known as Vegas Truck & Automotive. Complaint, attached as Ex. 2 to Notice of Removal [Doc. 1] at ¶ 9. A principal part of Plaintiff's business is to perform repairs on commercial trucks. *Id*. at ¶ 10. In that capacity, Plaintiff frequently receives calls from various trucking companies to perform roadside service and repairs. *Id*. Plaintiff has been in the business of repairing commercial truck tires "for quite some time." *Id*. at ¶ 18.

On or about February 22, 2006, Defendant placed a call to Plaintiff's business, requesting

---

[1] At the time this motion was filed, the case included a second defendant (Brian Jones) and a second plaintiff (Jimmy Haynes). The Court dismissed Mr. Jones pursuant to Doc. 48, and dismissed Mr. Haynes pursuant to Doc. 47. The caption has thereby been adjusted to reflect only the remaining plaintiff and defendant, and each party is referred to in the singular.

that it repair a tire on one of Defendant's trucks, which had pulled off to the side of the road because of a flat tire. *Id*. at ¶ 11.  Plaintiff and one of his employees responded to the call and drove out to repair the flat tire, which was located on the inside right rear of the truck. *Id*. at ¶ 12. Upon receiving the service call from Defendant, Plaintiff inquired of the truck driver if his truck had any "equalizers" on it. *Id*. at ¶ 13.  Defendant's driver responded that the truck did contain "equalizers." *Id*.  Upon arriving at the scene, Plaintiff asked the driver what had occurred, and the driver "simply stated that the tire had blown out." *Id*.  Plaintiff and his employee then began to perform the repair, first removing the outside tire and wheel, and then removing the inside flat tire and wheel. *Id*. at ¶ 15.  Plaintiff and his employee then repaired the tire and remounted it on the rim. *Id*. at ¶ 16.

As Plaintiff's employee was airing up the tire, the driver mentioned to Plaintiff, "as an aside," that this was the second time the tire had blown out in the past week. *Id*. at ¶ 17.  Based on his experience as a tire repairman, Plaintiff immediately recognized the danger and attempted to grab his employee back from the tire, but the tire blew off of the rim before Plaintiff was able to grab him. *Id*. at ¶ 19.  Both Plaintiff and his employee were injured by the tire. *Id*. at ¶¶ 20, 23, 24.  Plaintiff then "emphatically explained to the driver...that the tire and rim were a hazard and that he would not perform any further services to them." *Id*. at ¶ 21.  Plaintiff then placed the tire and rim back on the vehicle quickly and transported himself and his employee to the hospital. *Id*. at ¶ 22.

Plaintiff contends that the driver knew or should have known about his truck rim's defective condition, that he had a duty to warn Plaintiff of the defective condition before Plaintiff attempted to repair it, and that he negligently breached that duty by not warning Plaintiff of the tire's or rim's condition. *Id*. at ¶¶ 27-30.  Plaintiff further contends that Defendant is vicariously

liable for the negligent acts of its employee committed within the scope of his employment. *Id.* at ¶ 32. Defendant contends that Plaintiff has failed to state a claim upon which relief can be granted because, as a matter of New Mexico law, a driver of a disabled vehicle owes no duty to inform a professional tire repairman of the possibility of damage to the rim or risks inherent with tire re-inflation following a repair.

## ANALYSIS

Defendant has moved to dismiss this case pursuant to Fed. R. Civ. P. Rule 12(b)(6). Rule 12(b)(6) provides in relevant part that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any pleading. A court may dismiss a cause of action under Rule 12(b)(6) for failure to state a claim only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993). A motion to dismiss should be granted if, viewing the well-pleaded factual allegations of the complaint as true, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In considering a Rule 12(b)(6) motion, a court must assume all well-pleaded facts, but not conclusory allegations, to be true, and must draw all reasonable inferences in favor of a plaintiff. *See Housing Auth. of the Kaw Tribe v. City of Ponca,* 952 F.2d 1183, 1187 (10th Cir. 1991); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will prevail ultimately, but whether a plaintiff is entitled to offer evidence to support his or her claim. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). However, the rules do not require a court to accept legal conclusions or unwarranted inferences. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).

In the absence of a recognized legal duty, there is "no general duty to protect others from harm." *Chavez v. Desert Eagle Distrib. Co.*, 141 N.M. 116, 119 (Ct. App. 2006) (quoting *Johnstone v. City of Albuquerque*, 140 N.M. 596, 600 (Ct. App. 2006)). The question of whether Defendant owed Plaintiff a duty is a question of law for the Court to determine. *See Solorzano v. Bristow*, 136 N.M. 658, 663 (Ct. App. 2004). In New Mexico, foreseeability is a critical and essential component of the analysis of whether a duty exists, because "no one is bound to guard against or take measures to avert that which he would not reasonably anticipate as likely to happen," and because "there can be no duty in relation to another person absent foreseeability." *Herrera v. Quality Pontiac*, 134 N.M. 43, 52-53 (2003) (citations omitted). In addition to foreseeability, whether a common law duty exists also requires consideration of policy, because "[t]he existence of a tort duty is a policy question that is answered by reference to legal precedent, statutes, and other principles of law." *Id*. at 48 (citation omitted).

Plaintiff's claim fails as a matter of law because New Mexico law does not establish a duty on a tire repair customer to warn tire repair professionals of the dangers inherent in the execution of their professional duties. First, nothing in Plaintiff's complaint indicates that a tire blow-out during re-inflation should have been foreseeable to Defendant. Foeseeability is determined based "not merely [on] what might conceivably occur," but rather on "what one might objectively and reasonably expect." *Johnstone v. City of Albuquerque*, 140 N.M. 596, 600 (Ct. App. 2006) (citation omitted). The tire in question was an inside rear passenger tire, meaning that the outer tire had to be removed before the tire's condition could be visualized. The complaint indicates that Plaintiff removed the outer tire and thus had the opportunity to evaluate the flat inner tire prior to repairing and remounting it. The complaint does not allege that Defendant's employee directed, controlled, or supervised the repair. Instead, the driver apparently left the

4

repair in the hands of the professionals he had hired to do the job. Nor does the complaint contend that Defendant's employee made any misrepresentations concerning the tire's history or condition, or that Plaintiff made any direct inquiry regarding the tire's history or condition prior to starting the repair. Quite simply, if the danger posed by the tire was not identified by a professional with superior knowledge, training, and experience, it cannot be said to have been foreseeable by a customer with no alleged expertise in tire repair.

Under the circumstances of this case, imposition on Defendant's employee of a duty to warn would be contrary to New Mexico public policy. Tire repair professionals have, or should have, a great deal more knowledge, training, and experience about tire repair than their customers. Plaintiff had been "in the business of repairing tires...for quite some time." Complaint at ¶ 18. Plaintiff alone determined the method of evaluation and repair. A customer cannot be held responsible for activities that he cannot control and that he does not have the knowledge or resources to direct. New Mexico courts require a professional to be cognizant of the risk associated with their profession. *See Arenivas v. Continental Oil Co.*, 102 N.M. 106, 109 (Ct. App. 1983) (plaintiff oil worker could not recover damages from employer for his injury because he was an experienced worker who should have recognized obvious danger posed by pumping unit, and employer had no duty to warn him of this danger). Thus, the burden is on the professional, rather than his customer, to protect against the general risks they encounter in their profession.

In his Response to Defendant's Motion to Dismiss [Doc. 28], Plaintiff argues that Defendant's motion to dismiss is premature because no discovery has yet occurred, and the question of whether Defendant had a duty to warn Plaintiff is necessarily a factual inquiry. However, this argument confuses the issue of whether a legal duty exists with whether a duty was

breached. The Court must determine, at the outset, whether a legal duty exists. *See Solorzano v. Bristow*, 136 N.M. 658, 663 (Ct. App. 2004). In the instant case, despite viewing the facts contained in Plaintiff's complaint in the light most favorable to Plaintiff, the Court must conclude that Defendant did not owe Plaintiff a legal duty to warn.

## **CONCLUSION**

In the absence of a recognized legal duty, the law does not impose a general obligation to protect others from harm. In this case, Defendant did not owe a duty to Plaintiff because the risk of a tire blowout was not foreseeable to Defendant and because New Mexico's public policy does not impose a duty on a customer to anticipate the risks associated with repairing a tire and to warn tire repair professionals of the dangers associated with execution of their professional duties.

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Dismiss* [Doc. 12] is GRANTED.

_____
**UNITED STATES DISTRICT JUDGE**